Filed 5/28/14  P. v. Vang CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074538 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM035491, CM036606) |
| v. | |
| CHENG VANG, | |
| Defendant and Appellant. | |

On November 13, 2011, an officer initiated a traffic stop on defendant Cheng Vang.  Vang told the officer he was on parole, admitted having a pound of marijuana in the car, and provided a copy of his medical recommendation.  The officer searched the car and found 1.1 grams of methamphetamine, a glass smoking pipe, two cell phones, and three bags that contained a total of 36.65 ounces of marijuana.  During booking, defendant was found with two bags in his hand, believed to have been previously concealed in his mouth, containing a total of 2.75 grams of methamphetamine.  One of

1

the cell phones contained text messages regarding the sale and purchase of narcotics in which defendant's name was specifically mentioned.

On June 4, 2012, sheriff's deputies conducted a parole search of defendant's apartment and found 27 acetaminophen and hydrocodone pills, two .22-caliber rifles, and two boxes of ammunition. Defendant, who was outside during the search, fled, but was apprehended after a short chase.

In case No. CM035491, defendant pleaded no contest to possession of methamphetamine for sale and admitted a prior conviction for the same offense. (Health & Saf. Code, §§ 11378, 11370.2.) In case No. CM036606, defendant pleaded no contest to felon in possession of a firearm. (Pen. Code, § 29800, subd. (a)(1).)

Sentencing defendant in both cases, the trial court sentenced him to six years eight months in state prison, imposed various fines and fees, and awarded 249 days of presentence credits in case No. CM035491 (125 actual and 124 conduct) and 441 days of presentence credits in case No. CM036606 (221 actual and 220 conduct).

Defendant appeals. He did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

There is an error in the amended abstract stating the enhancement for a prior drug conviction applies to the possession of a firearm count rather than the possession of methamphetamine for sale. We shall order a correction to the abstract.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to issue a corrected abstract of judgment showing the prior drug conviction enhancement applies to the possession of methamphetamine count, and to forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


          NICHOLSON      , Acting P. J.


We concur:


       BUTZ            , J.


       MURRAY        , J.